IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER TOWLER,

      Plaintiff,                           No. 2:12-cv-2607 KJN P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,

      Defendants.                      ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff, the only party to appear in this action, consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff claims that the California Department of Corrections and Rehabilitation's Prison Industry Authority was negligent in issuing prison soap that contained a trace amount of a chemical "listed for review under the Safe Drinking Water and Toxic Enforcement Act of 1986 (Proposition 65) as a carcinogen."  (Dkt. No. 1 at 10.)  Plaintiff alleges that the soap was issued by prison authorities on July 26, 2012, and recalled on July 29, 2012.  (Id. at 1-2.)  Plaintiff alleges that he has suffered mental anguish as a result of learning that he used soap that contains a trace amount of a substance identified as a carcinogen.  He seeks money damages.  Id. at 8.

////

> The Civil Rights Act under which this action was filed provides as follows:
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

It is well settled that negligent conduct does not violate the Eighth Amendment. See, e.g., Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1052 (quoting Farmer v. Brennan, 511 U.S. 825, 838 (1994) ("negligence, or failure to avoid a significant risk that should be perceived but wasn't, 'cannot be condemned as the infliction of punishment.'"). It is not clear that the allegations of the complaint would even support a claim of negligence; in any event, they do not support a claim for violation of plaintiff's federal constitutional rights. Moreover, it is clear that the deficiencies in plaintiff's complaint could not be cured by amendment. For that reason, this action is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

    3. Plaintiff's October 19, 2012 motion to amend Exhibit B of the complaint is granted; and

    4. This action is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A.

DATED: November 26, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

towl2607.dm