UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER TOWLER, | No. 2:12-cv-2607 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | |

Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On November 26, 2012, plaintiff's complaint was dismissed for failure to state a claim upon which relief may be granted, and judgment was entered. On December 17, 2012, plaintiff filed a motion for reconsideration, citing Rule 60(b) of the Federal Rules of Civil Procedure.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision. United States v. Westlands Water Dist., 134 F.Supp.2d 1111,

1131 (E.D. Cal. 2001).  Rule 60(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> . . . .

Fed. R. Civ. P. 60(b)(1), (2).

In his complaint, plaintiff alleged that the California Department of Corrections and Rehabilitation's Prison Industry Authority ("PIA") was negligent in issuing prison soap that contained "a trace amount of [a] chemical that is listed for review under the Safe Drinking Water and Toxic Enforcement Act of 1986 (Proposition 65) as a carcinogen."  (ECF No. 1 at 10.)[1] Plaintiff alleged that the soap was issued by prison authorities on July 26, 2012, and recalled on July 29, 2012.  (ECF No. 1 at 1-2.)  Plaintiff alleged that he suffered mental anguish as a result of learning that he used soap that contains a trace amount of a substance identified as a carcinogen, and sought money damages and compassionate release.  (ECF No. 1 at 8.)

The November 26, 2012 order dismissed this action on the grounds that negligence does not violate the Eighth Amendment, that the allegations of the complaint did not support a claim for violation of plaintiff's federal constitutional rights, and that the deficiencies in the complaint could not be cured by amendment.  Plaintiff seeks reconsideration of that part of the order which found that the deficiencies could not be cured by amendment; in his motion he includes additional allegations not raised in the complaint.  These include allegations that for four years PIA knew that the soap was toxic and continued to produce and distribute it to inmates; that he is required to use the soap daily and has been exposed to the carcinogen in the soap for two years; and that the soap "produced . . . symptoms" for which he was prescribed medication.  (ECF No. 11 at 2.)

---

[1] Exhibits appended to a complaint are a part thereof for all purposes.  See Fed. R. Civ. P. 10(c).

However, the only "newly discovered evidence" provided by plaintiff is a sworn declaration by an inmate named Mario Williams, which contains the following averments:

> On October 5, 2012, Tim Hart PIA Manager interviewed me in building regarding my appeal on the PIA soap. He verbally says "that CAL PIA was aware in 2007 that the soap was tested for a chemical that was Toxic." I asked him "why I was not notified that the PIA SOAP has a harmful chemical in 2007?" He stated that "they did not care about me and was trying to kill me." and then started laughing. Tim Hart says "that they now care on October 5, 2012, and decided to pull the CAL PIA soap in July 2012."

(ECF No. 11 at 16.)[2] Inmate Williams' statements are insufficient to support reconsideration of the order dismissing this action. The declaration does not identify what chemical the soap was tested for in 2007, or whether any toxic chemical was found as part of that testing. See Brooks v. Perkins, 2013 WL 1705005, *4 n.3 (E.D. Cal. April 19, 2013) (prisoner's allegations concerning Barz & Bitz Bar Soap failed to state a cognizable civil rights claim). No reasonable inference that a toxic chemical was found in that testing can be drawn from the alleged statements in Williams' declaration.

Plaintiff has not shown any basis for reconsideration of the court's prior finding that the allegations of his complaint do not state a cognizable claim for violation of the Eighth Amendment or that the deficiencies could be cured by amendment.

Accordingly, IT IS HEREBY ORDERED that plaintiff's December 17, 2012 motion for reconsideration (ECF No. 11) is denied.

**Date: 6/13/2013**

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

towl2607.rec

---

[2] The other exhibits appended to the motion for reconsideration were also appended to the complaint and reviewed by the court in screening the complaint. (See ECF No. 1 at 10-18.)